UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIE C. FORTUNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 24-12084-FDS |
| ) | |
| JANSSEN PHARMACEUTICALS, INC., ) et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM**

**SAYLOR, J.**

This products-liability case alleges that Johnson & Johnson failed to adequately warn consumers of the side effects of taking Risperdal, an antipsychotic drug that it manufactures and distributes. The complaint alleges that plaintiff Willie C. Fortune suffered gynecomastia, enlarged breast tissue, from taking Risperdal, which was administered to him while he was confined at FMC Devens. Plaintiff is proceeding *pro se*.

Defendants have moved to dismiss the complaint for failure to state a claim on the ground, among other things, that plaintiff's claims are time-barred.

The complaint alleges several claims sounding in tort, including failure to warn and fraudulent misrepresentation. In Massachusetts, the statute of limitations on those claims is three years. *See* Mass. Gen. Laws ch. 260 § 2A. According to the complaint and its attachments, plaintiff stopped taking Risperdal in 2019 based on his belief that it was causing his gynecomastia. (ECF 1 Ex. A at 22). The limitations period on his tort claims therefore began to

run no later than the end of 2019.  Plaintiff filed the complaint on August 13, 2024, more than three years after his cause of action accrued.  (ECF 1).

While a limitations period may be tolled for certain reasons, such as fraudulent concealment, the complaint alleges no basis for tolling any period between 2019 and 2024.  Even assuming that plaintiff was unable to discover any connection between Risperdal and gynecomastia while he was in prison, he was released in 2017.  And even if the connection between the drug and his condition was fraudulently concealed, he apparently discovered the connection no later than 2019.  Without any allegations to justify tolling, plaintiff's claims are therefore barred by the statute of limitations.

Accordingly, defendant's motion to dismiss for failure to state a claim is GRANTED.

**So Ordered.**

Dated:  August 4, 2025

/s/  F. Dennis Saylor IV  
F. Dennis Saylor IV  
United States District Court Judge